**Danny William HEDRICK,**
**Appellant (Defendant),**

v.

**Vera Sue HEDRICK, Appellee (Plaintiff).**

No. 95–89.

Supreme Court of Wyoming.

Sept. 21, 1995.

Peter G. Arnold of Riske & Arnold, Cheyenne, for appellant.

Linda Steiner Lewis of Rogers, Blythe and Lewis, Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Dan Hedrick (husband) appeals from the disposition of marital property by the district court. Husband claims that either the court abused its discretion or that it committed a technical error which this court should correct when it divided the equity in the parties' home.

We affirm.

Husband presents two issues for review:

1. Whether the trial court abused its discretion in the division of the parties' equity in their home.

2. Whether the trial court made a technical error which does not necessarily amount to an abuse of discretion but which should be corrected by the Supreme Court.

Appellee Vera Sue Hedrick (wife) responds with:

A. Did the district court abuse its discretion, or make a simple technical error, in its distribution of property to the parties?

B. Was there reasonable cause for the defendant/appellant to file an appeal in this case, and if not, should costs and fees be awarded to the plaintiff/appellee pursuant to Rule 10.05 of the Wyoming Rules of Appellate Procedure?

## DISCUSSION

Husband contests the division of the equity in the parties' home, which was purchased from wife's parents during the marriage. At the time of the divorce the home had a value of $71,000. The trial court awarded husband $12,500 in the home's equity. Husband claims it was an abuse of discretion for the court to award him so little of the equity. Wife, on the other hand, counters that there was no abuse of discretion because the trial court took into consideration that $46,500 of the purchase price of the home ($25,000 in cash and $21,500 discount on the house) was an advance on her inheritance from her parents.[1]

The division of marital property is, of course, within the sound discretion of the trial court and will be disturbed on appeal only if an abuse of that discretion is found. *France v. France*, 902 P.2d 701, 703 (Wyo. 1995) (*quoting Lund v. Lund*, 849 P.2d 731, 738–39 (Wyo.1993)). An abuse of discretion occurs when the property disposition shocks the conscience of this court and appears so unfair and inequitable that reasonable people could not abide by it. *Id.* In our review, we ignore appellant's evidence and view the evidence in the light most favorable to the appellee giving to appellee every reasonable inference which can be drawn from the record. *Id.*

We find no abuse of discretion in the disposition of the equity in the marital home. Wife asserted at trial that $46,500 was a gift from her parents. It is apparent that the district court accepted wife's testimony, for it divided the property exactly as she had requested at trial. The trial court is instruct-

ed, when making its disposition of marital property, to consider the party through whom the property was acquired. W.S. 20–2–114 (1994). This court has previously held that it was not an abuse of discretion when a party is awarded property he or she brought into the marriage or inherited during the course of it. *See France; Paul v. Paul*, 616 P.2d 707 (Wyo.1980); *Warren v. Warren*, 361 P.2d 525 (Wyo.1961). Likewise, there was no abuse of discretion here.

Husband also argues that if the disposition of the property was not an abuse of discretion, it was, at the least, a technical error which this court should correct on its own. We disagree. This court has, in the past, modified a trial court's property disposition where there was clearly a mathematical error in the calculation of the property's value. *See Neuman v. Neuman*, 842 P.2d 575, 583 (Wyo.1992). In this case, however, there is no claimed error in the valuation of the home or in the amount of the gift. The dispute is simply over whether the trial court should have treated the gift as a joint one to husband and wife or one to wife alone. While the record is somewhat confusing in this regard, there does appear to be evidence to support either result. The trial court chose to believe that it was a gift to wife. We find no abuse of discretion in that decision and, therefore, decline to modify the trial court's decision in any way.

Finally, wife claims that there was no reasonable cause for husband to prosecute this appeal and asks for an award of costs and fees pursuant to W.R.A.P. 10.05. Sanctions under Rule 10.05 are not available where the appeal challenges a discretionary ruling of the district court. *Muldoon v. Schatzman*, 902 P.2d 218, 219 (Wyo.1995); *Mulkey–Yelverton v. Blevins*, 884 P.2d 41, 44 (Wyo.1994); *James S. Jackson Co., Inc. v. Meyer*, 677 P.2d 835, 839 (Wyo.1984). Accordingly, wife's motion is denied.

---

1. In 1985 the house was worth $60,000. Wife's parents gave $25,000 cash and $21,500 discount toward purchase price, equaling a total gift of $46,500.

The current value $71,000
$- 46,-$ less gift
  500
$24,500 marital equity
$\div$ 2
$12,250 husband's equity

## CONCLUSION

There being no abuse of discretion by the trial court in its disposition of the marital property, the decision is affirmed.