Larry Joe DAVIS, Appellant(Plaintiff),

v.

Lynda Jo DAVIS, Appellee(Defendant).

No. 98–261.

Supreme Court of Wyoming.

May 11, 1999.

Jo Ann Fulton of Fulton Law Office, P.C., Laramie, Wyoming, Representing Appellant.

Mason F. Skiles of Skiles & Rodriguez, LLC, Laramie, Wyoming, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

MACY, Justice.

Appellant Larry Davis (the husband) appeals from the divorce decree and from the subsequent order which denied his W.R.C.P. 60 motion for relief from the decree and, in the alternative, his W.R.C.P. 59 motion to amend the decree.

We affirm.

## ISSUES

The husband presents the following issues for our review:

1. Did the court err in its valuation of $150,000.00 on the real property and the resulting appreciation of $22,000.00 on the real property from the date of purchase?

2. Did the court err in finding that defendant was entitled to one-half of the appreciated value of real property?

## FACTS

The husband married Appellee Lynda Davis (the wife) on January 21, 1989. They jointly purchased a home in Laramie for $128,000 on April 22, 1994. On December 18, 1995, an appraisal was issued which estimated that the market value of the home on November 28, 1995, was $142,000. The marriage deteriorated, and the husband filed a petition for a divorce. A trial was held, and

a divorce decree was entered on December 11, 1997, which terminated the marriage and divided the property. The trial court found that the home's value had appreciated to $150,000, awarded the home to the husband, and ordered him to pay the wife $11,000—one-half of the property's net appreciation.

The husband filed a W.R.C.P. 60 motion for relief from the divorce decree and, in the alternative, a W.R.C.P. 59 motion to amend the decree, claiming that the trial court erroneously valued the property and improperly awarded the wife half of this appreciated value. The trial court denied the motions, and the husband appeals to this Court.

### STANDARD OF REVIEW

■ Decisions regarding the division of marital property are within the trial court's sound discretion, and we will not disturb them on appeal unless there was an abuse of discretion. *Hedrick v. Hedrick*, 902 P.2d 723, 724 (Wyo.1995). An abuse of discretion occurs when the property disposition shocks the conscience of this Court and appears to be so unfair and inequitable that reasonable people cannot abide it. *Id.* We view the evidence in the light most favorable to the prevailing party, affording that party every reasonable inference which can be drawn from the record. *Id.*

### DISCUSSION

The husband contends that the value of the property at issue was $142,000 instead of the $150,000 that the trial court found it was worth. As support for his argument, he directs our attention to the appraisal which was issued in December of 1995. He also claims that the wife was not entitled to receive one-half of the appreciated value of the home because she did not contribute to the purchase of the property. The wife counters that sufficient evidence supported the trial court's finding that the home was worth $150,000 and that the trial court properly awarded her one-half of the appreciated value. We agree with the wife.

■ Evidence was presented at the trial that a qualified appraiser had valued the property as of November 28, 1995, at $142,-000. The evidence also showed that the husband and the wife had filled out a loan application, which was dated March 16, 1996, and was signed by both parties, in which they valued the house at $148,000. The wife testified that she was employed by the Albany County assessor's office. She stated that, by applying the formula used by the Albany County assessor's office, she determined that the property's value was at least $150,000.

■ Our statute provides that, in making a division of marital property, a trial court is required to "make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party." Wyo. Stat. Ann. § 20–2–114 (Michie 1997). The trial court's finding that the property's value was $150,000 was supported by the evidence which was presented at the trial. Additionally, the divorce decree reveals that the trial court made a thoughtful division of the couple's property. The decisions to value the property at $150,000 and to award the wife one-half of the property's net appreciation are not so unfair, inequitable, or unconscionable that a reasonable person cannot abide them. We, therefore, conclude that the trial court did not abuse its discretion.

Affirmed.