Peter J. BARTON JR., Appellant
(Defendant),

v.

Sandra L. BARTON, Appellee (Plaintiff).

No. 98–363.

Supreme Court of Wyoming.

Feb. 7, 2000.*

Representing Appellant: Travis W. Moffat
of Moffat & McKee, P.C., Lander, WY.

---

* This case was originally assigned to Justice
Thomas on March 31, 1999, for the rendering of
a proffered majority opinion. This case was reas-
signed to Justice Hill on December 16, 1999.
Justice Hill distributed a proffered opinion to the
Court on January 13, 2000.

Representing Appellee: David Hooper and Tom A. Glassberg of Hooper Law Offices, P.C., Teton Village, WY.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

At controversy in this appeal is whether or not the trial court abused its discretion in the division of the parties' marital property without regard to a prenuptial agreement. Appellant, Peter J. Barton (Husband), also contends that the trial court improperly divided, as marital property, real estate he alleges to be the property of a partnership between himself and Appellee, Sandra L. Barton (Wife), and that the property division was inequitable overall. Finding no abuse of the district court's discretion and ample evidence supporting its conclusions, we affirm the district court's decree in all respects.

## ISSUES

Husband poses these issues:

I. Whether the trial court committed an error of law, thus abusing its discretion, in arriving at a division of property that did not invoke an antenuptial agreement, did not make specific findings as to why the parties' antenuptial agreement was not enforced, and did not treat the parties equally with respect to their antenuptial agreement.

II. Whether the trial court committed an error of law, thus abusing its discretion, in arriving at a disposition of partnership property that did not consider the pertinent provisions of Wyoming's Uniform Partnership Act and specifically Wyoming Statute § 17–21–401(d).

III. Whether the trial court abused its discretion in its division of property and liabilities in that its division is so inequitable and unreasonable that reasonable persons could not abide it.

Wife has refined the Husband's issues into this single question:

Considering the evidence in the light most favorable to Wife, and without considering evidence of Husband in conflict therewith, does the trial court's disposition of the parties' property constitute a manifest abuse of discretion, shock the conscience of the Court, and appear so unfair and inequitable that reasonable persons could not abide it?

## FACTS

Husband and Wife married in 1986. Shortly before their wedding, they signed a prenuptial agreement providing, among other things, that each would retain the property he or she owned before the marriage. The agreement specifically stated that each spouse waived any interest in property inherited by the other. It also provided that the agreement did not bar either spouse from giving property to the other.

Wife filed a complaint for divorce on May 11, 1998. During a two-day bench trial, the district court heard evidence that the parties owned ten parcels of real property. We will refer to the individual parcels as follows:

(1) West Main Home

(2) West Main Lots

(3) East Main Rental

(4) Hawk Road 6.2 Acres

(5) North 8th Duplexes

(6) Smith Road Lot

(7) North Pointe Duplex

(8) Hawk Road 31 Acres

(9) Herd Property

(10) Sackman Rental

In its Decree of Divorce, the district court held that properties numbered (1) through (6) were the separate property of Husband, and properties numbered (7) and (8) were the separate property of Wife. It held that the Herd and Sackman properties belonged to both Husband and Wife, and directed sale of the properties, with the proceeds to be shared evenly. That division awarded Husband about 60 percent of the dollar value of the real property, while Wife received about 40 percent.

## STANDARDS OF REVIEW

We will review the Husband's claim that a partnership existed according to the following standard:

> On conflicting evidence, the question of whether a partnership exists is one for the trier of fact. *Pacific General Contractors v. Slate Const. Co.*, 196 Or. 608, 251 P.2d 454 (1952). A specific factual finding will not be disturbed unless the finding is clearly erroneous or against the great weight of the evidence. *Shores v. Lindsey*, Wyo., 591 P.2d 895 (1979).

*Murphy v. Stevens*, 645 P.2d 82, 85 (Wyo. 1982). Moreover, in *Leavell v. Linn*, 884 P.2d 1364 (Wyo.1994), we noted that the best evidence of intent to create a partnership agreement is a written partnership agreement. Further, we acknowledged that the mere facts that parties to an "agreement" call themselves "partners," and that partnership tax returns were filed, is not determinative of the existence of a partnership but, rather, are only factors that may be considered in such a determination.

The division of marital property is left to the discretion of the district court, and we will not disturb it absent an abuse of that discretion. *Bailey v. Bailey*, 954 P.2d 962, 965 (Wyo.1998). The legislature has described the breadth of the court's discretion:

> In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children.

Wyo. Stat. Ann. § 20–2–114 (LEXIS 1999). We will find an abuse of that discretion if "the property disposition shocks the conscience of this court and appears so unfair and inequitable that reasonable people could not abide it." *Scherer v. Scherer*, 931 P.2d 251, 254 (Wyo.1997); *Hedrick v. Hedrick*, 902 P.2d 723, 724 (Wyo.1995). In reviewing the trial court's decision, we view the evidence in the light most favorable to the appellee and give the appellee every reasonable inference that we can draw from the record. *Hedrick*, 902 P.2d at 724.

## DISCUSSION

We will first address Husband's contention that the district court improperly divided the property of a partnership between the parties. The essence of his argument is that two of the parties' real properties were owned by Husband and Wife as partners and, therefore, are not marital property subject to disposition by the court. The properties in question are the North Pointe Duplex and the Sackman Rental.

The record shows that the parties owned and managed four rental properties, the two claimed to be partnership property, as well as the East Main Rental, and the North 8th Duplexes. The rental income from all of these properties went into a joint checking account owned by both parties. The East Main Rental was a gift to Husband from his father. Husband owned the land on North 8th prior to the marriage. During the marriage, Husband bought two duplex homes with money inherited from his father and moved them onto the North 8th property to use as rental units.

The North Pointe Duplex and Sackman Rental were purchased during the marriage. The parties contributed equally to the down payments for both properties and signed promissory notes for the balances, which Husband paid off with money he inherited from his father. North Pointe was titled in Wife's name alone, while the Sackman Rental was titled in Husband's name alone.

Husband contends that because the parties treated their rental properties as a business venture, they created a partnership by operation of Wyo. Stat. Ann. § 17–21–202(a) (LEXIS 1999) ("Except as provided in subsection (b) of this section, the association of two (2) or more persons to carry on as co-owners of a business for profit creates a partnership, whether or not the persons intend to create a partnership."). Wife denies the existence of a partnership, relying in part on § 17–21–202(c). That statute makes it clear that a partnership is not created simply by: Joint ownership of property; by sharing

the revenues from a piece of property; or profits received in payment of rent. The circumstances which make property "partnership property" are set out in Wyo. Stat. Ann. § 17–21–204 (LEXIS 1999), and none of those circumstances are present in this case. Both parties testified that they had no written partnership agreement. The record further shows that Husband wrote checks on the joint account for purposes unrelated to the rental properties. Additionally, there is no evidence that the parties treated their rental ventures as a partnership for income tax or accounting purposes. In sum, we hold that there was sufficient evidence for the district court to find that no partnership existed between these parties and, hence, Wyo. Stat. Ann. § 17–21–401 (LEXIS 1999), which outlines the rights and duties of partners, has no application to the resolution of the property division in this case.

Husband's two remaining claims of error also relate to the district court's division of the marital property. He argues that the court abused its discretion by failing to fully enforce the prenuptial agreement and by arriving at an inequitable and unreasonable property division. His prenuptial contention has to do only with the 31–acre Hawk Road parcel on which a new home has been constructed. That property was purchased during the marriage with money Husband inherited from his father. Part of the money to build the house also came from Husband's inheritance and part from loans secured by Husband's separate property. The property is titled in Wife's name alone. The district court found the Hawk Road home to be the separate property of Wife, concluding that Husband "... in placing title in [Wife's] name on the deed for the 31 acres on Hawk Road on which the parties constructed a new residence, intended to title such property as [Wife's] separate property and thereafter made some contributions to improve said property knowing the same to be [Wife's] separate property."

▮ Husband contends that he should get the Hawk Road home, in accordance with the prenuptial agreement, because the parties acquired it with his assets. He claims that he had the property titled in Wife's name only because he was involved in litigation with his children from his first marriage and wanted to protect it from attachment. Wife, on the other hand, testified that the parties agreed the property should be in her name as part of Husband's estate planning because he intended for her to own it eventually. Husband did not transfer the title of any other properties out of his name in response to the litigation, and Wife testified that he did not ask her to surrender title to the property after his litigation ended. In a similar case, we held that when title to real estate was taken in the names of both spouses but only one spouse paid for it, there was a rebuttable presumption that a fifty percent interest was intended as a gift to the nonpaying spouse. *Tyler v. Tyler,* 624 P.2d 784, 785–86 (Wyo.1981). It follows, then, that when a spouse pays for real property and titles it in the other spouse's name, there is a presumption that the entire property is intended as a gift.

▮ Reviewing the testimony in the light most favorable to Wife, we cannot say that the district court failed to give full effect to the prenuptial agreement in concluding that Husband titled the property in Wife's name because he intended to give it to her. Implicit in the trial court's findings is a conclusion that the presumption of a gift was not overcome by Husband's evidence directed to that subject. Wife received only what was titled in her own name. Whatever Husband's reasons for doing so, the fact remains that he did title the property in Wife's name of his own volition. Because the trial court did give full effect to the prenuptial agreement, we need not search the record for a "cogent rationale" justifying a refusal to apply the terms of the agreement. *See Lund v. Lund,* 849 P.2d 731, 740 (Wyo.1993).

▮ In his final assignment of error, Husband contends that the trial court abused its discretion by dividing the property in a manner so inequitable and unreasonable that reasonable persons could not abide it. Rather than plowing any new ground in this portion of his brief, Husband merely restates his earlier arguments and concludes that the result is an unfair division of property. Because Husband says nothing new here, we

limit ourselves to the observation that "[p]roperty awards must be viewed in their entirety and not considered on the basis of each item." *Barney v. Barney,* 705 P.2d 342, 345 (Wyo.1985). Viewing the property division here in its entirety, we see nothing so unfair that reasonable persons cannot be expected to abide it.

## CONCLUSION

Sufficient evidence supports the district court's finding that no partnership existed, and the court did not abuse its discretion in enforcing the prenuptial agreement or dividing property. Therefore, we affirm the district court in all respects.