Leona Marie PITTMAN, Appellant
(Plaintiff),

v.

Theodore William PITTMAN,
Appellee (Defendant).

No. 98–293.

Supreme Court of Wyoming.

March 10, 2000*.

* This case was originally assigned to Justice Thomas on February 24, 1999, for the rendering of a proffered majority opinion. The case was reassigned to Justice Macy on December 16, 1999. Justice Macy distributed a proffered opinion to the Court on February 17, 2000.

Representing Appellant: Corinne A. Miller, Casper, Wyoming.

Representing Appellee: Richard H. Peek, Casper, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

MACY, Justice.

The primary issue here arises from Appellant Leona Pittman's (the wife) dissatisfaction with what she perceives as an inequitable division of property and debt by the trial court in granting her a divorce from Appellee Theodore Pittman (the husband). The wife contends that the trial court abused its discretion by awarding the husband property worth three times what it awarded to her. Because the Pittmans acquired the property primarily with the husband's premarital assets and the proceeds from a personal injury he suffered, we hold there was no abuse of discretion in the property and debt divisions. The wife also raises issues regarding the trial court's rulings on motions and an abrupt termination of the trial. Although the trial court erred by halting the trial during the cross-examination of a witness, we hold the error was harmless. We affirm the judgment in all respects.

## ISSUES

The wife presents these issues for our review:

I. Whether the district court abused its discretion by terminating the divorce proceeding without affording the parties an opportunity to present their case.

II. Whether the district court abused its discretion in the distribution of the marital property in the divorce action.

III. Whether Appellant was prejudiced by the failure of the trial court to enforce her right to receive temporary maintenance during the pendency of the action.

IV. Whether the division of the University Medical Center debt was made in error.

## FACTS

The Pittmans' marriage began on February 20, 1985. Although they each had children from previous marriages, they did not have any together. Within a few years, each party filed individually for bankruptcy and received a discharge of debts. The bankruptcy not only left the parties debt free, but it also left them with little personal property and no real property.

In 1989, the husband was seriously injured in an accident. The resultant lawsuit included the husband's injury claims and the wife's claim for loss of consortium. The Pittmans ultimately accepted a settlement which gave them net proceeds of $143,560.44. They used the settlement money and some other assets to buy real properties that they upgraded and rented or sold on contracts for deed.

The wife filed a complaint for divorce on January 20, 1998. The parties reached a stipulation by which they agreed to sell one of their Casper properties. The proceeds were to be used to pay off marital debts with any remainder to be split between the parties. The stipulation further provided that the husband would pay the wife $600 per month for temporary maintenance. In a second stipulation, the parties agreed that neither of them would sell any other property,

incur new debts, or remove funds from bank accounts beyond what was necessary for normal living expenses.

Each party soon accused the other of violating the stipulations, and they requested contempt citations. The trial court reserved ruling on the motions for contempt until after the trial. On July 17, 1998, the trial court convened a half-day bench trial as requested by the parties. Although the wife had at least one nonparty witness present, the only witnesses actually called were the parties. The trial court adjourned during the cross-examination of the husband when the allotted time expired. The record does not show that either party objected to the adjournment. Both parties submitted written closing arguments. The trial court issued a decision letter the following week, awarding the husband most of the property. This appeal followed.

## STANDARD OF REVIEW

Decisions regarding the division of marital property are within the trial court's sound discretion, and we will not disturb them on appeal unless there was an abuse of discretion. *Davis v. Davis,* 980 P.2d 322, 323 (Wyo.1999). An abuse of discretion occurs when the property disposition shocks the conscience of this Court and appears to be so unfair and inequitable that reasonable people cannot abide it. *Id.* We view the evidence in the light most favorable to the prevailing party, affording that party every reasonable inference which can be drawn from the record. *Id.*

## DISCUSSION

The wife's primary claim is that the trial court erred by awarding the vast majority of their property to the husband. The heart of her claim is that, because both parties filed for bankruptcy during the marriage and were left without significant assets, any property subsequently acquired must have been acquired equally by both. The Court's paradigm for such a case is *France v. France,* 902 P.2d 701 (Wyo.1995). There we affirmed a property division in which the wife received the overwhelming majority of the property. 902 P.2d at 706. We agreed with the trial court that, because most of the couple's property was brought into the marriage by the wife or inherited by her, she was the appropriate party to receive it upon their divorce. *Id.*

In the case at hand, the husband testified that some of the funds used to buy real property came from the sale of his premarital assets, the collection of a debt he had thought was uncollectible, and a refund of federal taxes paid before the marriage. Most of the money came from the settlement of the personal injury suit. Although the suit included the wife's claim for loss of consortium, the settlement agreement did not divide the amount between the Pittmans or among their various claims. The assignment of a value to the wife's loss of consortium claim would, therefore, require speculation, in which we will not engage. The testimony further showed that, although the wife was fifty-two years of age and healthy enough to work, the husband was sixty-eight and had suffered serious injuries which limited his physical activity.

Viewing the evidence in the light most favorable to the husband and giving him the benefit of all reasonable inferences, we conclude that the trial court did not abuse its discretion. As in *France,* the trial court could have reasonably found that most of the property was brought into the marriage by one party or acquired during the marriage through that party. It is, therefore, reasonable that the party through whom the property was acquired should receive a larger share.

Along with the division of the assets, the wife also disputes the division of the debts. Specifically, she claims the husband should bear sole responsibility for a debt to the University Medical Center. The couple incurred that debt for treatment of injuries to the wife near the end of the marriage. The wife contends she received her injuries at the husband's hands in the last of many episodes of domestic violence. The husband testified that the wife injured herself in a fall while she was intoxicated. Again, we must review the whole record in the light most favorable to the husband. In doing so, we

cannot say the trial court acted unreasonably when it apparently believed the husband's version of the events. We do not detect an abuse of the trial court's discretion in the division of the debt.

■ In the next issue, the wife claims the trial court abused its discretion when it denied her motion to appear and show cause. Through that motion, the wife sought a contempt ruling against the husband for failing to make the stipulated support payments to her during the pendency of the action. The trial court scheduled the hearings for that motion and other pretrial motions concurrently with the trial. The trial court did not rule on the motions at trial, but it later informed the parties that it denied all the motions.

In a case similar to this one, we confirmed that judicial discretion is a composite of many things among which are conclusions drawn from objective criteria; that means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Secrest v. Secrest*, 781 P.2d 1339, 1341 (Wyo. 1989). We also said: "[A] court abuses its discretion when 'it acts in a manner which exceeds the bounds of reason under the circumstances.'" *Id.* (quoting *Martinez v. State*, 611 P.2d 831, 838 (Wyo.1980)). In *Secrest*, we held that a district court does not abuse its discretion by refusing to find a party in contempt for failure to make an ordered payment when the failure was not a willful act. *Id.*

Once again, we must review the record in the light most favorable to the husband and affirm the trial court's decision if it is reasonable. The trial court heard testimony that the husband failed to make the stipulated support payments because he was financially unable to make them. From that testimony, the trial court could reasonably conclude that the husband did not willfully violate the stipulation. The husband further testified that the wife obtained adequate support by collecting a debt owed to both parties, selling marital property, using joint credit cards, writing checks on a joint account, and collecting rent on marital real property, all in violation of the stipulation. From that testimony,

the trial court could reasonably conclude that the denial of the motion did not prejudice the wife. We hold that the trial court's decision was within the bounds of reason and, therefore, not an abuse of discretion.

■ In a final claim of error, the wife scores the trial court for terminating the trial when the allotted time expired. She contends the trial court abused its discretion by halting the proceedings before she completed cross-examining the husband, called additional witnesses, or presented additional evidence.

In an earlier case where the trial court abruptly terminated a hearing, we said:

> Rule 403, W.R.E., permits a court to exclude evidence "if its probative value is substantially outweighed ... by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The decision to exclude the evidence was made without inquiring as to whether there was anything new to present. Further, the court did not make allowance for the possibility that any of the evidence could be other than cumulative. It did not say that it would not permit a rehash of previous evidence; instead, it arbitrarily ruled that only one more witness could testify. Such a ruling had no basis and cannot be justified under Rule 403, *supra*. The court's decision was simply not to hear anymore of what the parties had to present. This ruling was in error under the rules of evidence. It infringed upon appellant's constitutional right to be heard.

*Hall v. Hall*, 708 P.2d 416, 421 (Wyo.1985). In that case, the trial court announced in midtrial that it would not hear additional testimony from the defendant and it would limit the plaintiff to one rebuttal witness. 708 P.2d at 419. We determined in *Hall* that the trial court erred by limiting the parties' right to call witnesses and present evidence. 708 P.2d at 421. We then examined that error in light of W.R.C.P. 61, which provides:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of

the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

With that rule in mind, we held that the trial court's error was harmless because the appellant failed to show that, given more time, she could have presented something not already presented. 708 P.2d at 422.

In the case before us, the wife claims that the trial court should have afforded her a chance to refute the husband's version of their marital finances. However, she does not specify what additional evidence she would have presented. She offered thirty-one exhibits at trial, twenty-nine of which were admitted. On the basis of the descriptions in the record, the two exhibits refused would not conceivably have altered the outcome had they been admitted. In her opening statement, the wife's counsel spoke of only one nonparty witness, and the record contains a subpoena for only that witness. The wife's counsel said the witness would testify that the wife worked on the couple's properties. Because both Pittmans testified that the wife worked on the properties, a third recitation of the same fact would have been cumulative.

Because neither the record nor the wife's brief points us to specific material evidence the wife could have presented if she were given more time, we hold that the trial court committed harmless error when it halted the trial. When an error at trial is harmless, we will not reverse. *Hall*, 708 P.2d at 422.

Affirmed.