[S. F. No. 15472. In Bank.—December 4, 1935.]

LOLA M. ELMS, Respondent, v. FRED G. ELMS, Defendant; HOWARD R. ELMS et al., Interveners and Appellants.

A. A. Montagne for Appellants.

Gordon Johnson and Gardiner Johnson for Respondent.

SEAWELL, J.—Howard R. Elms and Alberta E. Montagne, adult children of plaintiff Lola M. Elms and defendant Fred G. Elms, filed a complaint in intervention in this action for divorce. They alleged that they had an interest in certain real property standing in the names of their parents, which was claimed by the plaintiff wife to be community property, by reason of having contributed, respectively, $5,000 and $3,000 to the purchase of said property and to the discharge of liens thereon, under an agreement with their parents that the property should be held in trust for them to the extent of their contributions. The court sustained plaintiff's demurrer to the complaint in intervention, and thereafter entered judgment that interveners take nothing. The question presented by this appeal is whether the interveners may litigate their rights in said property in the divorce action, or must resort to a separate suit.

Said real property consists of a dwelling house and an apartment house in the city of Berkeley, and the community personal property consists of household and apartment furniture and furnishings. Plaintiff alleged that said real and personal property was of the value of $9,000, and prayed that it all be set aside to her. As grounds for divorce she alleged

acts of mental cruelty. The defendant husband in his answer to the divorce complaint alleged that said real property was held in trust for Howard Elms and Alberta E. Montagne to the extent of their payments and contributions. On the same day that it sustained the plaintiff's demurrer to the complaint in intervention, the court ordered that the allegations with reference to the property being held in trust for Howard Elms and Alberta E. Montagne be stricken from defendant's answer. The complaint in intervention had been filed with leave first obtained from one of the judges of the superior court, as provided by section 387 of the Code of Civil Procedure, but the motion to strike the allegations as to the existence of a trust from the answer, and the demurrer to the complaint in intervention came before a different judge of said court.

It is stated generally that the husband and wife are the only parties to an action for divorce. However, the right of the wife to name as a defendant a third person to whom the husband has conveyed community property or separate property in fraud of her rights has been recognized in several cases in this state. (*Kashaw* v. *Kashaw,* 3 Cal. 312, 322; *Cummings* v. *Cummings,* 75 Cal. 434, 442 [17 Pac. 442] ; *Weyer* v. *Weyer,* 40 Cal. App. 765, 768 [182 Pac. 776] ; *Warner* v. *Warner,* 100 Cal. 11 [34 Pac. 523] ; *California Filter Co.* v. *Superior Court,* 97 Cal. App. 99, 104 [274 Pac. 1012] ; *Callnon* v. *Callnon,* 7 Cal. App. (2d) 676 [46 Pac. (2d) 988].) In an action for divorce the court not only severs the marital tie, but divides the community property, and makes provision for the support of the wife. We regard the above cases as establishing the rule that either party to the divorce action may bring in third parties claiming an interest in property alleged to be community, and adjudicate the claims of such parties in the divorce action. We are further of the view that if neither party to the divorce action names as defendants the third parties who claim rights in property alleged to be community, such parties may intervene themselves in the divorce action and establish their rights.

There are sound reasons in policy why the court in an action for divorce should be permitted to adjudicate the rights of third parties in property alleged by one or both of the spouses to be community property. One of the duties of the court sitting as a court of equity in a divorce proceeding is to make

an equitable distribution or award of community property, and to provide for the support of the wife. The court can scarcely make a fair distribution or allotment of parcels of community property without determining what property is community. If property alleged by one of the spouses to be community is in fact in whole or in part claimed by third persons, the court should determine as between the spouses whether the property is community, or owned by third persons. If a third party claimant cannot be made a party and his rights adjudicated, it may be held in a separate action brought by or against such claimant that he is the owner of the property, with the result that a division of all community property made between the spouses in the divorce action, based on a determination that certain property was owned by them, will be rendered inequitable as between them.

The question as to whether alimony should be awarded and the amount thereof may also depend upon the existence of community property and the disposition made thereof. If the third party claimant is not brought into the divorce action, property treated as community property in the divorce action may subsequently in a separate suit be adjudged as against the spouse to whom it was awarded in the divorce action to be the property of such claimant. This may be followed by an application under section 139 of the Civil Code for an increase in alimony, on the ground that the judgment in favor of the third party removed a source of income. If the rights of the third party are determined in the divorce action, not only will a separate action to determine the rights of such party be avoided, but also a possible proceeding for modification of the alimony allowance will not be necessary.

If neither party to a divorce action brings in a third party claimant he should be permitted to intervene. The state has an interest in marriage and divorce and favors an orderly disposition of the action, including the determination of the property rights of the parties. The law abhors multiplicity of actions, consuming the time of the court and entailing additional expense to the people. It is to the interest of the people, as well as the parties particularly involved, that there be an end of litigation. *Interest reipublicae ut sit finis litium.* A claimant to property alleged in the divorce action to be community, has an interest in the matter in litigation and an

interest against both spouses in property alleged by either of them to be community property of the marriage. Section 387 of the Code of Civil Procedure authorizes an intervention as follows: "At any time before trial, any person who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. . . ." A claim to or lien upon the property which is the subject of the litigation generally gives a right to intervene. (*Stich* v. *Goldner*, 38 Cal. 608; *Coffey* v. *Greenfield*, 55 Cal. 382; *Cummings* v. *Cummings*, 55 Cal. App. 433 [203 Pac. 452]; 20 Cal. Jur. 520.) ■ In the instant case the real property in which interveners claim an interest is before the court upon plaintiff's prayer that all community property be set aside to her. The fact that the interveners may protect their interests by bringing a separate action does not defeat their right to intervene. (20 Cal. Jur. 521, and cases there cited.)

■ Respondent contends that if cognizance may be taken in divorce actions of claims of third parties to property before the court, undue delay will result. If reasons exist why the marriage bond should be severed promptly before an adjudication of property rights can be had, it is within the discretion of the court to grant the divorce, reserving the question of property rights for subsequent adjudication. (*Pereira* v. *Pereira*, 156 Cal. 1, 10 [103 Pac. 488, 134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880]; 1 Cal. Jur. 1036.)

The recent decision of the District Court of Appeal in *Callnon* v. *Callnon*, 7 Cal. App. (2d) 676 [46 Pac. (2d) 988], is not inconsistent with our conclusion herein, but expressly recognizes the right of the court in a divorce action to adjudicate claims of a third party to property before the court. The basis of the court's decision in that case was that the judgment in the divorce action, relied on as *res judicata* in a later suit, did not in fact adjudicate the rights of the third party in certain real property, since the issues made by the pleadings did not relate to the ownership of said property, but to a claim for reimbursement for community moneys alleged to have been expended. Said decision was not directed to the point that although the parties to the divorce action may bring in third party claimants, such claimants cannot intervene if neither of the parties has named them as defendants. We conclude that

the court erred in sustaining plaintiff's demurrer to the complaint in intervention.

The judgment is reversed.

Waste, C. J., Thompson, J., Curtis, J., Langdon, J., and Shenk, J., concurred.

Conrey, J., dissented.

Rehearing denied. Conrey, J., voted for a rehearing.