**Herbert W. WALKER, Appellant (Defendant),**

v.

**Ilona WALKER, Appellee (Plaintiff).**

No. 96–66.

Supreme Court of Wyoming.

Nov. 5, 1996.

Thomas B. Jubin, Cheyenne, for Appellant.

John B. Patrick of Patrick & Korell, Torrington, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Ex-husband appeals from district court's orders approving sale of ranch in accordance with divorce decree and divesting ex-husband of his interest in that ranch when he refused to sign paperwork necessary to effectuate the sale. We affirm.

## ISSUES

Appellee Herbert W. Walker, the husband (Herbert), presents the following statement of issues:

I.   Did the district court err in divesting the husband of his ranch and vesting it in a non-party who has paid only a small fraction of the value of the ranch?

II.   Was it proper for the district court to consider divestiture pursuant to W.R.C.P. 60(b)(3) in the absence of fraud, misrepresentation or other misconduct by the husband?

III.   Does the district court's order divesting the husband of his ranch property violate the procedural and substantive due process guarantees of the Wyoming and United States Constitutions?

IV.   Did the district court err when it ordered the husband's interest in the ranch divested because the modifications in the district court's orders were never submitted to the district court for its consideration and approval?

V.   Did the district court err in dividing the ranch where the parties, by their pleadings, had agreed it was to be returned in its entirety to the husband, and

its division was not an issue before the court?

VI.   Was the divestiture of the husband's interest in his ranch punitive and, therefore, an abuse of discretion?

Appellee Ilona Walker, the wife (Ilona), states the issues presented for review as follows:

I.   Did the district court err in dividing the real property of the parties?

II.   Was the repudiation of the contract by the purchasers a breach of the contract?

III.   Did the district court err in divesting appellant of his real property and vesting it in the purchasers?

## FACTS

In the parties' divorce action, the court ordered the ranch property sold and the sale proceeds to be divided sixty-five percent to Herbert and thirty-five percent to Ilona. In the decree the court ordered the real property to be listed for sale with a realtor and that the "sale price shall be such price as is suggested by the realtor to be a fair and equitable price obtainable within a reasonable period of time, and subject to approval by the Court."

The realtor suggested a listing price of $375,000, which was approved by the court in a letter dated June 15, 1995. The realtor found a buyer and a purchase contract was negotiated. The district court approved the sale price as fair and ordered the property sold in an order dated August 28, 1995. However, on the November 14, 1995, closing date, Herbert refused to cooperate with the sale and did not execute the documents required to consummate the sale. As a result, on November 14, 1995, Ilona filed a motion for an order to show cause with the district court, asking the court to find Herbert in contempt of court for failure to comply with the court's orders. On November 16, 1995, the district court signed an order to show cause, setting a hearing on the matter.

However, Ilona filed a motion for order nunc pro tunc on November 25, 1995, asking the court to change its previous order to divest Herbert of his interest in the proper-

ty. The district court held a hearing on the matter and, after the hearing, divested Herbert of his interest in the real property. Herbert filed a motion for reconsideration, which was denied. Herbert timely filed his notice of appeal.

## DISCUSSION

■ Herbert complains the district court erred when it divided the ranch because the parties did not put the ranch property at issue as marital property in their pleadings. However, the ranch property was an issue at trial and evidence was presented to the district court concerning division of the property. When issues are not raised in the pleadings, but are tried by express or implied consent of the parties, they shall be treated as if they had been raised in the pleadings. WYO. R. CIV. P. 15(b); *Title Guaranty Co. of Wyo. v. Midland Mortg. Co.*, 451 P.2d 798, 801 (Wyo.1969). The district court did not abuse its discretion when it directed a just and equitable disposition of the marital property. WYO. STAT. § 20–2–114 (1994); *France v. France*, 902 P.2d 701, 703 (Wyo. 1995) (and cases cited therein).

■ The remaining arguments presented by Herbert concern the district court's decision to divest Herbert of his interest in the ranch property. As we noted in the facts above, the district court ordered the ranch property sold with the proceeds to be divided between the parties. Such an order necessarily requires the parties to execute the documents necessary to effectuate the sale. However, Herbert refused to execute the necessary documents, even after the district court approved the sale price in its August 28, 1995, order. His arguments concerning the court's failure to approve the sale contract are without merit. The divorce decree required only that the court approve the sale price as fair and equitable, not that it approve the sale contract. Therefore, contrary to Herbert's contentions, changes in the terms of the sale contract did not affect the court's order and did not require the court's approval.

■ Ilona filed a motion for an order nunc pro tunc divesting Herbert of his interest in the property. Ilona asked the district court to amend its order so the ranch property could be sold. WYO. R. CIV. P. 60(b)(3) allows a party to request relief from a court order when the adverse party is guilty of misconduct. Herbert's refusal to execute documents necessary to effectuate the sale ordered by the court constituted misconduct. The court appropriately divested Herbert of his property pursuant to WYO. R. CIV. P. 70, which allows the court to divest a party of title if the real property is within the state. Considering Herbert's refusal to execute the sale documents, the order was necessary to effectuate the sale of the ranch property.

■ Herbert argues he was denied due process of law; however, the district court held hearings on each of the motions before issuing orders, therefore, his constitutional claims are also without merit. Upon review of the record, we hold the district court's order divesting Herbert of his property was proper in all respects.

## CONCLUSION

The district court did not err in considering the ranch property as marital property or in its decision to divest Herbert of his interest in property when he refused to execute documents necessary to effectuate a court-ordered sale of that property. Therefore, we affirm.