2002 WY 30

**Dennis E. HALL, Appellant (Defendant),**

v.

**Beatrice L. HALL, Appellee (Plaintiff).**

No. 01–54.

Supreme Court of Wyoming.

Feb. 21, 2002.

Representing Appellant: Michael K. Shoumaker, Westminster, CO.

Representing Appellee: Kathleen G. Healy and Debra J. Wendtland of Davis & Cannon, Sheridan, WY.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

LEHMAN, Chief Justice.

[¶ 1] Appellant Dennis E. Hall (Husband) appeals from the trial court's property division order.

[¶ 2] We affirm.

### ISSUES

[¶ 3] Husband presents the following issues for our analysis:

1. Did the District Judge use the property settlement to punish Mr. Hall for drinking and gambling?

2. Did Mr. Hall dissipate the assets of the parties?

Beatrice L. Hall (Wife) states her issue as follows:

1. Did the trial court abuse its discretion when it divided the parties' marital property?

## FACTS

[¶ 4] Husband and Wife were married on June 29, 1978. There were no children born to this union. During this marriage, the couple entered into several business ventures, none of which were successful. In 1992, they borrowed $50,000 and opened their own business called Old Faithful Snacks. Wife sold $2,959.00 worth of Sears stock she had acquired prior to the marriage while working at Sears to help purchase a building to house their operations. Wife worked as the bookkeeper, packaged the snacks, and did the shipping and receiving of the merchandise. Husband did the company's marketing and acted as a salesman.

[¶ 5] In 1995, sales declined, and the couple decided to sell the business. Their attempted sale of the business, however, proved unsuccessful. Wife took a second job at a hotel at night to help pay their bills, and Husband began drinking and gambling. The couple finally dissolved the business in 1996.

[¶ 6] In 1997, Husband had a job and began receiving social security. Although the couple agreed that the social security money would go toward their home mortgage payment, Husband consistently failed to make the payment in a timely manner. When the couple was in jeopardy of being declared in default, Wife borrowed money from her daughter and cashed in two remaining investments to get the mortgage payment current as well as to pay some of their other expenses.

[¶ 7] The couple finally sold the building that housed their snack business in November of 1997, and they divided the proceeds in half. They agreed that, from this money, each of them would pay approximately one-half of the Old Faithful Snacks' debts. After paying his half of the debts, Husband reimbursed himself for the mortgage payments he had made even though Wife had paid the couple's living expenses for the same period

of time. With her remaining money, Wife continued to pay the couple's living expenses.

[¶ 8] In 1998, Wife obtained a full-time job and provided Husband with health insurance at a cost of approximately $300.00 per year. Husband was not employed during this time. In the fall of 1998, Husband was involved in a car accident. He received $3,017.00 for damages to the couple's jointly owned vehicle and $9,000.00 for personal injuries. Wife never received her half of the money for the damage to the vehicle.

[¶ 9] Husband continued drinking and gambling; and, in 1998, he became abusive toward Wife. Wife filed for divorce on March 24, 2000, and obtained a restraining order against Husband. When Wife left Husband, she took a majority of the household furnishings but left Husband all the recreational vehicles and equipment, lawn tools, guns, hand tools, and some household furnishings.

[¶ 10] The trial court awarded each party the separate property each had in its possession, except for a Lefse rolling pin, which was ordered returned to Husband. The trial court ordered the home to be sold and divided the proceeds equally to each party. Each party was awarded his or her own social security benefits, and Husband was ordered to release any interest in Wife's life insurance policy, 401(k), and investment club. Wife was awarded $2,959.00 as reimbursement for the value of her Sears stock that she had contributed to the start-up costs of the snack business. The trial court also ordered Husband to reimburse Wife $1,321.00 for one-half of the value that Husband had paid to himself as reimbursement for the mortgage payments, as well as $1,508.00 for one-half of the money Husband received as damages to the jointly owned vehicle. Husband appeals from this order.

## STANDARD OF REVIEW

[¶ 11] Wyo. Stat. Ann. § 20–2–114 (Lexis 1999) governs the division of marital property:

In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they

will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children.

 [¶ 12] Decisions regarding the division of marital property are within the trial court's sound discretion, and we will not disturb them on appeal unless there was an abuse of discretion. *Davis v. Davis*, 980 P.2d 322, 323 (Wyo.1999). An abuse of discretion occurs when the property disposition shocks the conscience of this court and appears to be so unfair and inequitable that reasonable people cannot abide it. *Id.*

### DISCUSSION

[¶ 13] Husband's main contention is that the trial court inequitably divided the marital assets in an attempt to punish him for his drinking and gambling during the marriage, claiming that "[t]he entire trial centered around the drinking and gambling of the Appellant." Wife counters that the trial court properly considered the merits of the parties and through whom the property was acquired in fashioning a just and equitable division of the marital property.

 [¶ 14] The trial court possesses a great amount of discretion in dividing marital property. A just and equitable division of property is just as likely not to be equal. *Carlton v. Carlton*, 997 P.2d 1028, 1032 (Wyo. 2000). Although the trial court cannot divide the property in such a way that it would punish one of the parties, it may consider fault of the respective parties, together with all other facts and circumstances surrounding the dissolution of the marriage in dividing a couple's marital assets. 997 P.2d at 1034. We are required to limit our review of the record to an evaluation of whether the trial court's decision was supported by sufficient evidence, and we afford to the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party. *Id.* Findings of fact not supported by the evidence, contrary to the evidence, or against the great weight of the evidence cannot be sustained. *Id.*

██ [¶ 15] Viewing the evidence in the light most favorable to Wife and giving her the benefit of all reasonable inferences, we conclude that the trial court did not abuse its discretion in dividing the property. Husband asks us to presume that the trial court intended to punish him by virtue of the result, but fails to direct our attention to anything in the record that demonstrates that the trial court possessed such intent. Indeed, our review of the record shows that the evidence supports the trial court's findings of fact and that the trial court weighed appropriate factors in deciding how best to distribute the marital estate. Husband was employed only intermittently during the marriage. He spent a good portion of the couple's money drinking and gambling, and he became violent and abusive toward Wife. Wife, on the other hand, used her separate property and consistently worked, sometimes at two jobs, in an effort to support the couple and to pay their debts.

[¶ 16] Our review of the record demonstrates that the trial court attempted to even out the amounts of money each party had invested in the marriage. We do not find this decision to be unfair. We also are not shocked by the division of the couple's personal property. Although Wife received a majority of the household items, Husband kept all the recreational vehicles and equipment, lawn tools, and hand tools.

[¶ 17] Husband asks this court to consider whether he dissipated the assets of the parties. He claims that although the trial court did not make a finding of dissipation of assets, it treated the case as if it had made such a finding. We decline to address this issue. The trial court did not make such a finding; and, therefore, an analysis of the issue would be inappropriate as we do not consider issues that were not raised in the lower court unless they are of a fundamental or jurisdictional nature. *Cooper v. Town of Pinedale*, 1 P.3d 1197, 1208 (Wyo.2000).

### CONCLUSION

[¶ 18] We hold that the trial court's order did not improperly punish Husband, but was based upon sufficient relevant evidence in the

record and a consideration of all appropriate factors.

[¶ 19] Affirmed.