2008 WY 92

**Patrick Terrance SCHLUCK, Appellant (Defendant),**

v.

**Diane Patricia SCHLUCK, Appellee (Plaintiff).**

No. S–07–0286.

Supreme Court of Wyoming.

Aug. 14, 2008.

Representing Appellant: Raymond D. Macchia and Juliana Hernandez of Macchia & Associates, Cheyenne, Wyoming.

Representing Appellee: Mitchell E. Osborn, Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Patrick Terrance Schluck (Husband) and Diane Patricia Schluck (Wife) were divorced on July 25, 1997. Pertinent to this appeal, the decree of divorce included this provision:

[Husband] shall pay alimony to [Wife] in the sum of Eight Hundred Dollars ($800.00) per month. Said payments shall be made by direct payment from the Office of Personnel Management to any bank ac-

count designated by [Wife]. Said payments shall begin on July 15, 1997, and shall continue on or before the 15th of each and every month thereafter until [Wife] dies, re-marries, or until [Husband] dies, at which time [Husband's] alimony obligation herein shall cease entirely. This payment shall be paid directly from [Husband's] retirement annuity from the Office of Personal [sic] Management.

[¶2]   On April 23, 2007, Husband, citing a material change in circumstances, sought to modify or terminate the alimony obligation.[1] After a trial, the district court denied Husband's request. In this appeal, Husband contends the district court abused its discretion in determining there was not a substantial change in circumstances warranting modification or termination of his alimony obligation.[2]

[¶3]   We reject Husband's contention of error for the simple reason that Husband has failed to provide this Court with an adequate record to permit rational review of the district court's decision. *Erhart v. Evans*, 2001 WY 79, ¶18, 30 P.3d 542, 547

(Wyo.2001) (it is the appellant's burden to provide this Court with an adequate record). The record presented for our review consists only of the pleadings filed by the parties, the district court's decision letter and its order. Husband has not provided a transcript of the trial, nor has he submitted a statement of the evidence pursuant to W.R.A.P. 3.03.[3] Lacking a properly authenticated transcript, or an appropriate substitute for the transcript, the reliability of the district court's decision and the competency of the evidence upon which that decision is based must be presumed. *Lopez v. Lopez*, 2005 WY 88, ¶7, 116 P.3d 1098, 1100 (Wyo.2005); *Burt v. Burt*, 2002 WY 127, ¶7, 53 P.3d 101, 103 (Wyo.2002). Given the facts as found in the Order, we find no suggestion that the district court abused its discretion.[4]   Affirmed.

1.  Wyo. Stat. Ann. § 20–2–116 (LexisNexis 2007) provides that after a decree for alimony is entered, the court may, on the petition of either party, revise or alter the decree respecting the amount of alimony. This Court has held that a party seeking modification or termination of alimony must establish that there has been a material and substantial change of circumstances since the entry of the decree. *Maher v. Maher*, 2004 WY 62, ¶9, 90 P.3d 739, 743 (Wyo.2004) (and cases cited therein).

2.  A district court's decision concerning alimony is reviewed for an abuse of discretion. *Harshberger v. Harshberger*, 2005 WY 99, ¶5, 117 P.3d 1244, 1248–49 (Wyo.2005).

3.  W.R.A.P. 3.03 states:
    If no report of the evidence or proceedings at a hearing or trial was made, or if a tran-

script is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means including appellant's recollection. The statement shall be filed and served on Appellee within 35 days of the filing of the notice of appeal. Appellee may file and serve objections or propose amendments within 15 days after service. The trial court shall, within 10 days, enter its order settling and approving the statement of evidence, which shall be included by the clerk of the trial court in the record on appeal.

4.  Husband's appellate argument is based on a mischaracterization of the facts found by the district court. As such, the entirety of his argument is inapt and requires no further analysis.