2011 WY 30

**Carl S. OLSEN, Appellant (Plaintiff),**

v.

**Candy M. OLSEN, Appellee (Defendant).**

No. S–10–0121.

Supreme Court of Wyoming.

Feb. 23, 2011.

Representing Appellant: Carl S. Olsen, pro se.

Representing Appellee: Candy M. Olsen, pro se.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶1] In this divorce action, the district court granted custody of the parties' children to Candy M. Olsen (Wife), divided the parties' property, ordered their real property be sold to pay a debt to Wife's mother and granted a judgment in favor of Wife's mother for any deficiency remaining after the proceeds of the sale were applied to the debt. Carl S. Olsen (Husband), acting *pro se*, challenges the district court's property disposition and child custody rulings and claims the district court erred in some of its evidentiary rulings. We summarily affirm the district court's factual findings and evidentiary rulings because Husband failed to provide a sufficient record on appeal. We reverse the district court's order granting judgment for the deficiency in favor of Wife's mother because a creditor cannot participate in a divorce action.

## ISSUES

[¶2] Husband presents several issues on appeal:

1. The court has appeared to rush to conclusions or decisions in this case based upon assumptions of which there are not sufficient facts or evidence to support.
2. Contrary to Wyoming law, the judge didn't recuse himself for bias.

3. Error of law—the court allowed [a]n incomplete Financial Affidavit by one party, but complained of the other party's Financial Affidavit.

4. Error of law: It is contrary to law for a court to assign who will claim minor children without a waiver of release.

5. Error of law: It is contrary to the law to dismiss admissions and other documents merely because they were filed pro se.

6. Contrary to Wyoming law, the court considered improper testimony: both testimony that was not given under oath and testimony that was hearsay.

7. Any and all debts incurred by the Appellee, without the explicit consent and/or agreement of the Appellant, are her liability alone and the Appellant should not be held liable for such debts, as per Wyoming Statute.

8. The court did not adequately consider the applicable factors in deciding who should have physical custody of the children.

Wife did not file a brief on appeal.

## FACTS

[¶ 3] The parties married on February 14, 2000, and three children were born into the marriage. Although the divorce complaint is not included in the record on appeal, the clerk's index indicates that it was filed by Husband on January 15, 2009. After a trial, which apparently was not reported, the district court issued a decision letter granting the divorce and awarding primary physical custody of the children to Wife.

[¶ 4] The decision letter also divided the assets and liabilities of the marriage. The primary asset was commercial property, from which Husband claimed he operated a construction business. The property was

valued at $132,700. The trial evidence indicated that Wife's mother, Kathy Judd, had loaned the parties $140,000, and they still owed a balance of $131,300 on the loan. The district court set over one half of the outstanding debt to each party and ordered the property be sold to pay the debt. The district court further ordered:

> Each party shall apply their respective proceeds from the sale of this property to the debt owed to Kathy Judd.... If each party does not receive sufficient funds to retire their portion of the debt in full, then Kathy Judd shall have judgment against each party for the remainder.

Husband appealed from the district court's judgment.

## STANDARD OF REVIEW

[¶ 5] The district court has broad discretion to divide marital property in a divorce. *Sanning v. Sanning*, 2010 WY 78, ¶ 8, 233 P.3d 922, 923 (Wyo.2010); *Root v. Root*, 2003 WY 36, ¶ 8, 65 P.3d 41, 44 (Wyo. 2003). *See also*, Wyo. Stat. Ann. § 20–2–114[1] (LexisNexis 2009). We review the district court's disposition of marital property using the abuse of discretion standard. *Sanning*, ¶ 8, 233 P.3d at 923. *See also, Sweat v. Sweat*, 2003 WY 82, ¶ 6, 72 P.3d 276, 278 (Wyo.2003). "An abuse of discretion occurs when the property disposition shocks the conscience of this court and appears to be so unfair and inequitable that reasonable people cannot abide it." *Hall v. Hall*, 2002 WY 30, ¶ 12, 40 P.3d 1228, 1230 (Wyo.2002).

[¶ 6] Child custody decisions are also committed to the sound discretion of the trial court.

> It has been our consistent principle that in custody matters, the welfare and needs of the children are to be given paramount consideration. The determination of the best interests of the child is a question for

1. Section 20–2–114 states:
   In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children. The court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability to pay and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by either party.

the trier of fact. We do not overturn the decision of the trial court unless we are persuaded of an abuse of discretion or the presence of a violation of some legal principle. *Resor v. Resor,* 987 P.2d 146, 148 (Wyo.1999), quoting *Reavis v. Reavis,* 955 P.2d 428, 431 (Wyo.1998).

*Buttle v. Buttle,* 2008 WY 135, ¶ 15, 196 P.3d 174, 178 (Wyo.2008), quoting *Testerman v. Testerman,* 2008 WY 112, ¶ 8, 193 P.3d 1141, 1144 (Wyo.2008).

## DISCUSSION

### A.   *Factual and Evidentiary Rulings*

■ [¶ 7] Husband's issues one, two, three, five, six and eight, question the propriety of the district court's factual and evidentiary determinations. For example, he claims there was insufficient evidence to support the district court's factual findings that he did not adequately support his family, committed domestic violence against Wife and wrote the letter in which Wife recanted her allegation of domestic violation, and Ms. Judd loaned the couple $140,000. He claims that by deciding in favor of Wife on many of the issues in the divorce proceeding, the judge demonstrated that he was biased against Husband. Husband also argues the district court erred in allowing some of Wife's evidence to be admitted while rejecting some of his evidence.

■ [¶ 8] The problem with Husband's argument is that he did not provide a transcript of the trial or a statement of the evidence in accordance with W.R.A.P. 3.03.[2] "When the appellant fails to provide an adequate record on appeal, 'we must accept the district court's findings as being based upon sufficient evidence.'" *Painovich v. Painovich,* 2009 WY 116, ¶ 9, 216 P.3d 501, 504 (Wyo.2009), quoting *Witowski v. Roosevelt,* 2009 WY 5, ¶ 37, 199 P.3d 1072, 1083 (Wyo. 2009). Our reasoning in *Schluck v. Schluck,*

2008 WY 92, ¶ 3, 189 P.3d 877, 878 (Wyo. 2008) is apt:

> We reject Husband's contention of error for the simple reason that Husband has failed to provide this Court with an adequate record to permit rational review of the district court's decision. The record presented for our review consists only of the pleadings filed by the parties, the district court's decision letter and its order. Husband has not provided a transcript of the trial, nor has he submitted a statement of the evidence pursuant to W.R.A.P. 3.03. Lacking a properly authenticated transcript, or an appropriate substitute for the transcript, the reliability of the district court's decision and the competency of the evidence upon which that decision is based must be presumed.

(citations and footnote omitted).

[¶ 9] Because Husband failed to provide a transcript of the trial or provide a statement of the evidence under W.R.A.P. 3.03, we accept that the district court's findings were supported by sufficient evidence and its evidentiary rulings were not erroneous. Consequently, we summarily affirm the district court's rulings on those issues.

### B.   *Income Tax Credit*

■ [¶ 10] Husband claims the district court did not have jurisdiction to order that Wife was entitled to claim the children as dependents for income tax purposes in 2009. He argues the determination of which parent is entitled to the credit is a matter of federal law and he has not signed the appropriate release or waiver to allow Wife to claim the credit.

[¶ 11] In *Leseberg v. Taylor,* 2003 WY 131, ¶ 9, 78 P.3d 201, 203 (Wyo.2003), we ruled that federal law "does not preempt Wyoming courts from allocating the dependent tax credit in the same manner they allocate other marital assets in divorce pro-

---

2.  Rule 3.03 states:

    If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means including appellant's recollection. The statement shall be filed and served on appellee within 35 days of the filing

of the notice of appeal. Appellee may file and serve objections or propose amendments within 15 days after service. The trial court shall, within 10 days, enter its order settling and approving the statement of evidence, which shall be included by the clerk of the trial court in the record on appeal.

ceedings." As such, the district court was within its authority when it ruled that Wife was entitled to the credit. In order to avoid a contempt finding, Husband is required to execute the forms required by the Internal Revenue Service. *See, Walker v. Walker,* 925 P.2d 1305, 1307 (Wyo.1996) (stating, in the context of an order to sell real property, a district court's order "necessarily requires the parties to execute the documents necessary" to implement the order).

### C. *Allocation of Debt and Judgment to Nonparty*

[¶ 12] The only remaining issue involves the district court's rulings that Ms. Judd loaned the parties $140,000, each party was responsible for one half of the balance, the real property would be sold to pay the debt, and Ms. Judd was entitled to a judgment against each party for one half of any deficiency that remained after the proceeds of the property sale were applied to the debt.

[¶ 13] The district court has the authority and responsibility to dispose of the parties' assets and liabilities. *See,* § 20-2-114; *Hoffman v. Hoffman,* 2004 WY 68, ¶ 12, 91 P.3d 922, 925 (Wyo.2004). As part of that task, the district court can order sale of the real property to facilitate the division of assets and payment of debt. *Parsons v. Parsons,* 2001 WY 62, ¶¶ 10–12, 27 P.3d 270, 272–73 (Wyo.2001); *Walker,* 925 P.2d at 1307. Because there is an inadequate record on appeal, there is no basis for us to review the district court's rulings that the parties owed a debt to Ms. Judd, the parties are each responsible for one half of the debt, and the property should be sold to pay the debt.

[¶ 14] The district court's ruling that Ms. Judd was entitled to a judgment against each party for any deficiency remaining after the proceeds of the sale are applied to the debt is another matter. The district court granted a judgment to a nonparty in this action. In *Nielson v. Thompson,* 982 P.2d 709 (Wyo. 1999), we considered whether a judgment creditor was entitled to intervene in the parties' divorce action. We stated:

While this Court has said that third parties claiming rights in property that is subject to a property settlement may intervene or be joined, we were not addressing the rights of a judgment creditor. *Merritt v. Merritt,* 586 P.2d 550, 554 (Wyo.1978). Some states, notably those with community property laws, permit creditors to intervene in divorce actions as a matter of course. *Elms v. Elms,* 4 Cal.2d 681, 52 P.2d 223, 224 (1935); *Malcolm v. Malcolm,* 75 N.M. 566, 408 P.2d 143, 144 (1965); *Fletcher v. National Bank of Commerce,* 825 S.W.2d 176, 179 (Tex.App.1992); *Boyle v. Boyle,* 194 W.Va. 124, 459 S.E.2d 401, 404 (1995). On the other hand, several states bar creditors from intervening in divorce cases. *Eberly v. Eberly,* 489 A.2d 433, 446 (Del.Supr.1985); *Poteat v. Poteat,* 632 S.W.2d 511, 512 (Mo.App.1982); *Foundation Sav. & Loan Co. v. Rosenbaum,* 113 Ohio App. 501, 171 N.E.2d 359, 360 (1960); *Bailey v. Bailey,* 312 S.C. 454, 441 S.E.2d 325, 327 (1994). We are convinced that the authority of the court in a divorce action to divide property is simply ancillary to its authority to dissolve the marriage. The primary subject of a divorce action is the dissolution of the marriage, and the only proper parties to such an action are the spouses seeking to be divorced. *In re Marriage of Soriano,* 44 Wash.App. 420, 722 P.2d 132, 133 (1986)

*Id.* at 712. Ms. Judd was not an appropriate party in the divorce action; consequently, the district court committed an error of law by granting a judgment in her favor. On remand, the district court should revise its order to delete the judgment in favor of Ms. Judd.

[¶ 15] Affirmed in part and reversed and remanded in part.