2011 WY 162

**Gerry Lewis ROSENDAHL,**
**Appellant (Defendant),**

v.

**Janelle A. ROSENDAHL,**
**Appellee (Plaintiff).**

No. S-11-0046.

Supreme Court of Wyoming.

Dec. 19, 2011.

Representing Appellant: Michael Stulken, Green River, WY.

Representing Appellee: Eric F. Phillips, Rock Springs, WY.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1]   In his appeal from a divorce decree, Gerry Lewis Rosendahl (Husband) challenges the property distribution, the award of attorney's fees to Janelle A. Rosendahl (Wife), and the order that he pay one-half of an orthodontia bill incurred by Wife's children.  We affirm.

## ISSUES

[¶ 2]   Husband raises five issues on appeal:

1.   Whether the trial court abused its discretion in the distribution of the parties'

marital assets and the allocation of the parties' marital debts?

2. Whether the trial court abused its discretion in the award of attorney fees to [Wife]?

3. Whether the trial court's mandate that Husband is to pay for one-half of an orthodontia bill incurred for the benefit of the Wife's children of a previous relationship is supported by the record?

4. Whether the trial court appropriately entered a final Judgment and Decree of Divorce?

5. Whether the trial court erred by deciding [Husband's] Motion to Amend Judgment and Decree of Divorce or, in the Alternative, Motion for New Trial on Limited Issues without a hearing?

### STANDARD OF REVIEW

[¶ 3] We addressed this very issue in *Olsen v. Olsen*, 2011 WY 30, ¶ 5, 247 P.3d 77, 79 (Wyo.2011), where we reiterated our standard of review:

The district court has broad discretion to divide marital property in a divorce. *Sanning v. Sanning*, 2010 WY 78, ¶ 8, 233 P.3d 922, 923 (Wyo.2010); *Root v. Root*, 2003 WY 36, ¶ 8, 65 P.3d 41, 44 (Wyo.2003). *See also*, Wyo. Stat. Ann. § 20–2–114 (LexisNexis 2009) [see below]. We review the district court's disposition of marital property using the abuse of discretion standard. *Sanning*, ¶ 8, 233 P.3d at 923. *See also, Sweat v. Sweat*, 2003 WY 82, ¶ 6, 72 P.3d 276, 278 (Wyo.2003). "An abuse of discretion occurs when the property disposition shocks the conscience of this court and appears to be so unfair and inequitable that reasonable people cannot abide it." *Hall v. Hall*, 2002 WY 30, ¶ 12, 40 P.3d 1228, 1230 (Wyo.2002).

Wyo. Stat. Ann. § 20–2–114 (LexisNexis 2011) states:

§ 20–2–114. **Disposition of property to be equitable; factors; alimony generally.**

In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children. The court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability to pay and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by either party.

### FACTS

[¶ 4] The parties married in 2002. Wife brought children into the marriage from another relationship, and though the children lived with the parties during the marriage, Husband never adopted them. The marriage did not produce any children.

[¶ 5] After the wedding, the parties moved into a Kemmerer home that Wife purchased before the marriage. Husband was never added to the deed of the home. At the time of the marriage, Wife had no equity in the home, which was valued at $81,000.00. In 2006 the parties refinanced, with a loan amount of $128,000.00. A portion of the loan was used to pay off debts. At the time of trial in this matter, the parties agreed that the home was worth $172,000.00, with $123,300.00 still owed on the note. Thus, the equity in the home was about $48,700.00.

[¶ 6] Wife filed for divorce in May of 2009. The day the case was set to be tried, the parties met and resolved many of the issues in dispute. In those negotiations, Wife received the marital home. At an unreported trial, the court heard the remaining issues. At the end of the trial, both parties submitted proposed findings of fact and conclusions of law. The court adopted Wife's proposed order. Regarding mortgage debt, the court ordered Husband to reimburse Wife $45,000.00, to be paid in $500.00 monthly installments. One-half of the orthodontia bill was to be paid by Husband, as were one-half of Wife's attorney's fees and costs. The

divorce decree was entered October 26, 2010, and after Husband's motion to amend judgment, or alternative motion for a new trial was dismissed, this appeal followed.

## DISCUSSION

[¶ 7] Husband's issues one, two, and three question the propriety of the district court's factual and evidentiary determinations. He argues that the district court abused its discretion in distributing the marital assets and allocating the parties' debts, and failed to consider Husband's financial condition post-divorce. Although Husband did not provide a transcript of the trial, he did file a statement of the evidence in accordance with W.R.A.P. 3.03. Wife filed a response to Husband's statement, objecting to and amending some portions of the original statement. After reviewing both, the district court issued an order concurring with Wife's statement, concluding "IT IS ORDERED that [Husband's] Statement as corrected in [Wife's] Response shall constitute the record." Thus, the record presented for our review consists only of the pleadings filed by the parties, the district court's original order, and Wife's amendment of Husband's statement of evidence, which the district court accepted as the official statement in accordance with W.R.A.P. 3.03.

[¶ 8] With that in mind, we turn to Husband's claim that the district court abused its discretion in distributing marital assets and allocating debt. Husband's issues include that he disagrees with the $500.00/month payment awarded to Wife. He also contends that some of the equity of the marital home should be his. Ultimately, Husband claims the property and debt division should "shock" the conscience. Wife counters that the record provided on appeal is not sufficient, but nevertheless argues that the property and debt division is proper. We agree with Wife.

[¶ 9] From what we discern from the record provided on appeal, the district court did not abuse its discretion when it required Husband to pay $45,000.00 of the mortgage debt because the original refinance of the home was necessitated by Husband's

expenses, in part due to Husband being unemployed at the time of the refinance. As to the home equity, it was within the district court's discretion to award the entirety of the equity to Wife, as the home was her premarital asset. Furthermore, the court's mandate that Husband pay one-half of the orthodontia bill was entirely within the district court's discretion.

[¶ 10] When marital property is divided, the court is required to consider the length of the parties' marriage, their respective contributions to the marriage, the condition in which they will be left by the divorce, and the party through whom the property was acquired. § 20–2–114. Here, in reviewing the trial court's decision, we must consider only the evidence of Wife as the successful party, ignore the evidence presented by Husband, and grant Wife every favorable inference that can be drawn from the record. *Sweat v. Sweat,* 2003 WY 82, ¶ 11, 72 P.3d 276, 279 (Wyo.2003). Given those parameters, and the shape of the record on review, we hold that the district court could reasonably conclude as it did and did not abuse its discretion under these particular facts.

[¶ 11] Next, we address Husband's argument as to whether the district court's award of attorney's fees to Wife was inappropriate. Again, Husband's designation of the record does not include a hearing transcript. As the appealing party, Husband bore the burden of providing this Court with a complete record upon which it could base a decision. *Seherr–Thoss v. Seherr–Thoss,* 2006 WY 111, ¶ 26, 141 P.3d 705, 716–17 (Wyo.2006). Because the award of attorney's fees is discretionary, we do not have a factual basis for the district court's ruling. Accordingly, we summarily affirm the district court's award of attorney's fees to Wife.

[¶ 12] Next, Husband claims that the district court did not follow the proper procedure in accordance with W.R.C.P. 58(a) when it entered the divorce decree. He complains the court entered Wife's proposed order without affording him an opportunity to object. In accordance with *Zaloudek v. Zaloudek,* 2009 WY 140, ¶ 22, 220 P.3d 498, 504 (Wyo.2009), Husband's reliance on Rule 58 is

misplaced because the rule does not apply in this instance. The district court did not announce a decision at the end of trial, and did not ask one party or the other to submit an order. Rather, it requested that both parties submit proposals of findings of fact, conclusions of law, and judgments. Both parties were reminded or made aware of the positions, arguments, and objections of each other. The decree of divorce was properly entered.

[¶ 13] Husband's final argument that a hearing should have taken place regarding his post-judgment motion entitled, "Motion to Amend Judgment and Decree of Divorce or, in the Alternative, Motion for New Trial on Limited Issues," is also misdirected. Such a motion can be deemed denied under W.R.C.P. 6(c)(2), so no hearing is required.

[¶ 14] Finally, we must address Wife's suggestion that Husband's appeal is so lacking in merit that this Court should impose sanctions pursuant to W.R.A.P. 10.05. Although Husband's efforts on appeal were unsuccessful in proving that the district court abused its discretion in its distribution of the marital property, we cannot say this appeal is so lacking in merit as to qualify for sanctions. *See Hoffman v. Hoffman,* 2004 WY 68, ¶ 17, 91 P.3d 922, 926–27 (Wyo.2004).

### CONCLUSION

[¶ 15] The district court did not abuse its discretion in dividing the marital property and debts in this case as it did. Regarding attorney's fees, this Court assumes the award was supported by the evidence. Husband's W.R.C.P. 58 argument does not apply to the procedure employed by the district court in this instance, and finally, no hearing was required on Husband's post-judgment motion. No sanctions apply.

[¶ 16] Affirmed.