THOMPSON, Presiding Judge,
concurring specially in case no. 2140086.
I write specially to emphasize that I believe that Jerry M. Blevins, the attorney who represented Willie Jerome Davis (“the husband”) in a criminal matter unrelated to the divorce action, lacked standing to intervene in the divorce action.
“[Sjtanding is a component of subject-matter jurisdiction and can be raised at any time.” Ex parte Overton, 985 So.2d 423, 427 (Ala,2007) (citing State v. Property at 2018 Rainbow Drive, 740 So.2d 1025 (Ala.1999)).
“ ‘ “[SjubjeCt-matter 'jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.” ’ S.B.U. v. D.G.B., 913 So.2d 452, 455 (Ala.Civ.App.2006) (quoting C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ. App.2003)). Questions of law, such as whether a court has subject-matter jurisdiction, are reviewed de novo. BT Sec. Corp. v. W.R. Huff Asset Mgmt. Co., 891 So.2d 310 (Ala.2004).”
HR. v. Lauderdale Cnty. Dep’t of Human Res., 133 So.3d 396, 403-04 (Ala.Civ.App.2013).
The trial court allowed Blevins to intervene in the divorce action, and, as part of that action, it awarded Blevins an attorney fee for his representation. of the husband in a separate criminal matter in federal court. In his motion, Blevins sought to intervene pursuant to Rule 24(a)(2), Ala. R. Civ. P., governing intervention of right, or, alternatively, Rule 24(b), Ala. R.- Civ. P., allowing permissive intervention. .
Rule 24(a)(2) provides that,
“[ujpon timely application, anyone shall be permitted to intervene in an action: (2) when the applicant claims an interest relating to the property or , transaction which is the subject of the action and the applicant is so situated that the disposition of the action jnay as a practical matter impair or impede the applicant’s ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.”
(Emphasis added.)
Rule 24(b) provides, in pertinent part, that,
“[ujpon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant’s claim or defense and the main action, have a question of law or fact in common.”
Thére -is no statutory authority that would allow a third-party creditor to intervene in a divorce action. My research has revealed no Alabama caselaw regarding *983 whether a third-party creditor can intervene in a divorce action. A number of jurisdictions that have considered the issue have barred the intervention of a third-party creditor. For example, the Wyoming Supreme Court recently wrote:
“In Nielsori v. Thompson, 982 P.2d 709 (Wyo.1999), we considered whether a judgment creditor was entitled to intervene in the parties’ divorce action. We stated:
“ While this Court has said that third parties claiming rights in property that is subject to a property settlement may intervene or be joined, we were not addressing the rights of .a judgment creditor. Merritt v. Merritt, 586 P.2d 550, 554 (Wyo.1978). Some states, notably those with community property laws, permit creditors to intervene in divorce actions as a matter of course.. Elms v. Elms, 4 Cal.2d 681, 52 P.2d 223, 224 (1935); Malcolm v. Malcolm, 75 N.M. .566, 408 P.2d 143, 144 (1965); Fletcher v. National Bank of Commerce, 825 S.W.2d 176, 179 (Tex.App.lp92); Boyle v. Boyle, 194 W.Va. 124, 459 S.E,2d 401, 404 (1995). On the other hand, several states bar creditors from intervening in divorce cases. Eberly v. Eberly, 489 A.2d 433, 446 (Del.Supr.1985); Poteat v. Poteat, 632 S.W.2d 511, 512 (Mo.App.1982); Foundation Sav. & Loan Co. v. Rosenbaum, 113 Ohio App. 501, 171 N.E.2d 359, 360 (1960); Bailey v. Bailey, 312 S.C: 454,-441 S.E.2d 325, 327 (1994). We are convinced that the authority of the court in a divorce action to divide property is simply ancillary to its authority to dissolve the marriage. The primary subject of a divorce action is the dissolution of the marriage, and the only proper parties to such an action are the spouses seeking to be divorced. In re Marriage of Soriano, 44 Wash.App. 420, 722 P.2d 132, 133 (1986):
“Id. at 712.”
Olsen v. Olsen, 247 P.3d 77, 81 (Wyo.2011).
In the context of a.third-party creditor’s attempting to enforce a settlement agreement reached between divorcing parties in Alabama, our supreme court has written:
“The purpose of agreements of this nature in a divorce case is to finalize a property settlement between spouses. The creditor is not a party, nor is the agreement entered into for his benefit. Such agreements can neither enlarge nor restrict obligations lawfully due by the divorcing spouses to third party creditors. Thus, under well-established precedent, the Bank, not being a party for whose benefit the settlement agreement was made, does not have standing to sue on or enforce the terms of the settlement agreement.”
Costanza v. Costanza, 346 So.2d 1133, 1135 (Ala.1977). The Costanza court, quoting Wilson v. Wilson, 53 Ala.App, 194, 201, 298 So.2d 616, 621 (1973), went on to say:,
“ ‘Although there is a dearth of authority on this subject in Alabama, it is interesting to note that the ... Alabama Rules of Civil Procedure, Rule 71, though-not in effect at the time of this lawsuit [in Wilson ], recognizes that a court order may be made in favor of a person not a party and require court process to enforce such an order; however this rule does exclude creditors of parties to a divorce action. However, the rule does not prohibit an order for the benefit of such a creditor; it merely provides that the creditor would not have standing to enforce such a debt under the divorce decree.
“‘An application of the rule to a case similar to the one at bar would
*984 authorize an order requiring payment of a debt to a non-party but would not provide [the non-party] the machinery for enforcement.’
“Additionally, the Committee Comments to Rule 71, [Ala. R. Civ. P.], conclude with this paragraph:
“ ‘This rule [permitting enforcement of a court order by a non-party] has been drawn so as to specifically exclude creditor of a party in a divorce proceeding. For example, should the court order the husband to pay for certain appliances to be used by the ex-wife, the vendor of the appliances would not be entitled to take advantage of this rule. To permit this Rule to apply in such an instance would further complicate an already difficult proceeding.’ ”
346 So.2d at 1135-36 (emphasis added).
In Alabama, division of marital property in a divorce action is not governed by community-property law. I agree with the opinion of the Wyoming Supreme Court and the cases cited therein that the purpose of a divorce action is the dissolution of the marriage between the parties; it is not to see that creditors of the parties are paid. The divorce of the parties does not inure to the benefit of their creditors. As the Committee Comments on 1973 Adoption of Rule 71, Ala. R. Civ. P., aptly point out, to allow creditors to become involved in divorce proceedings would unnecessarily complicate the trial court’s task of dissolving the marriage and resolving ancillary issues such as the division of marital property, alimony, custody, and child support. The rationales expressed in both Olsen and Costanza lead me to conclude that a third-party creditor does not have standing to intervene in a divorce action.
Accordingly, I believe that Blevins lacked standing to intervene in the husband and the wife’s divorce action; thus, the trial court in the divorce action never obtained jurisdiction over Blevins’s claim for payment of an attorney fee in the separate criminal matter.