# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 11

### OCTOBER TERM, A.D. 2016

### February 3, 2017

WILLIAM WATERBURY,

Appellant
(Defendant),

v.

BRENDA WATERBURY, n/k/a
BRENDA FRELSI,

Appellee
(Plaintiff).

S-16-0138

*Appeal from the District Court of Natrona County*
The Honorable Daniel L. Forgey, Judge

*Representing Appellant:*
Christopher J. King of Worrall & Greear, P.C., Worland, Wyoming.

*Representing Appellee:*
Wendy S. Owens, Casper, Wyoming.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ,** Justice.

[¶1]    Appellee, Brenda Waterbury,[1] sought an order from the district court finding Appellant, William Waterbury, in contempt for violating their divorce decree. Ms. Waterbury claimed her ex-husband violated the decree by failing to pay his portion of their daughters' college tuition, expenses, and room and board.  The district court entered a judgment in favor of Ms. Waterbury and their two daughters.  On appeal, Mr. Waterbury claims the district court erroneously entered the judgment in favor of the daughters because they were not parties to the divorce action.  We conclude that, while the district court could order Mr. Waterbury to pay the arrearages, the court could not enter a judgment in favor of the non-party daughters.  Consequently, we reverse that aspect of the order.  Mr. Waterbury also claims there was no evidence to support the district court's judgment in favor of Ms. Waterbury.  We are unable to review Mr. Waterbury's claim because he did not provide an adequate record on appeal and, therefore, affirm the district court's judgment in favor of Ms. Waterbury.

## ISSUES

[¶2]    Mr. Waterbury raises two issues on appeal:

> 1.      Did the [d]istrict [c]ourt error [sic] in entering judgment against [Mr. Waterbury] and in favor of his adult daughters on a contempt action filed by his ex-wife?
>
> 2.      Did the [d]istrict [c]ourt error [sic] in entering judgment against [Mr. Waterbury] and in favor of his ex-wife on a contempt action filed by his ex-wife?

## FACTS

[¶3]    On June 2, 2003, the district court entered a decree divorcing Mr. and Ms. Waterbury.  The court ordered the parties to comply with the agreement they reached establishing their respective responsibilities to provide for their daughters, Elizabeth and Sarah, including the following provision relating to their college education:

> Unless the parties later otherwise agree in writing, the parties agree to each pay one third (1/3) of the cost of tuition, books, fees, and room and board which are not paid by scholarships, tuition waivers or other assistance if the children attend an accredited college on a full time basis with the semester

---

[1] As noted in the caption, Brenda Waterbury is now known as Brenda Frelsi.  To remain consistent with the original case captioning, we will refer to her as Ms. Waterbury.

1

(grading period) commencing before their respective 23rd birthday. All scholarships, tuition waivers or other assistance that the child receives shall first apply to the child's one third contribution. Parental contributions, if any, for other expenses shall be voluntary.

[¶4]   On February 4, 2016, Ms. Waterbury filed a motion for an order to show cause why Mr. Waterbury should not be held in contempt of court and to enforce the terms of the divorce decree. She claimed that Mr. Waterbury had failed to pay his portion of their daughters' college tuition and expenses. Specifically, she alleged he failed to pay $3,929.83 in tuition for Elizabeth's senior year at the University of Hawaii, $5,245 for Sarah's room and board while attending Casper College from August 2013-December 2015, $331 for Sarah's books, and $833 for fuel and miscellaneous expenses for Sarah. The district court issued an order to show cause and appear and set the matter for hearing. Mr. Waterbury responded to the order and requested that it be dismissed. He claimed that he had a separate agreement with Elizabeth regarding her college expenses and that agreement has been fulfilled. Mr. Waterbury further submitted that he had already reimbursed Sarah for some of her expenses and was not obligated to pay her room and board because she lived with Ms. Waterbury.

[¶5]   The district court held a hearing on the request for contempt on March 28, 2016, but it was not transcribed. After the hearing, the district court ruled that Mr. Waterbury was in contempt of court for willfully violating the divorce decree. The district court's order stated that Mr. Waterbury agreed he had failed to pay $3,929.83 for his share of Elizabeth's tuition and books at the University of Hawaii, and he did not contest that he owed $331 for Sarah's books while she attended Casper College. The court also determined that Mr. Waterbury had failed to pay $5,136 for his share of Sarah's room and board while attending Casper College. In addition to finding Mr. Waterbury in contempt, the court entered judgment in favor of Elizabeth for $3,929.83, judgment in favor of Sarah for $331, and judgment in favor of Ms. Waterbury for $5,136.

[¶6]   Mr. Waterbury timely filed a notice of appeal. Although the document is not in the record, it appears that Mr. Waterbury attempted to settle the record pursuant to W.R.A.P. 3.03 by submitting a statement of the evidence to the district court. The district court refused to approve the statement, concluding it did "not accurately or completely reflect the evidence that was presented to this court at the unreported hearing, the positions of the parties with respect to the issues before the court, or the comments/findings the court made verbally to the parties." It does not appear Mr. Waterbury submitted any other statements of the evidence to the court for consideration.

**STANDARD OF REVIEW**

[¶7]    When reviewing a district court's order holding a party in civil contempt of court, we have stated:

> This Court does not interfere with an order holding a party in civil contempt of court in a domestic relations case "absent a serious procedural error, a violation of a principle of law, or a clear and grave abuse of discretion." *Roberts v. Locke*, 2013 WY 73, ¶ 14, 304 P.3d 116, 120 (Wyo. 2013). *See also Munoz v. Munoz*, 2002 WY 4, ¶ 6, 39 P.3d 390, 392 (Wyo. 2002); *Olsen v. Olsen*, 2013 WY 115, ¶ 33, 310 P.3d 888, 896 (Wyo. 2013). In reviewing the exercise of a district court's broad discretion under its contempt powers, we must determine whether the court reasonably could have concluded as it did. *Roberts*, ¶ 14, 304 p.3d at 120, citing *Stephens v. Lavitt*, 2010 WY 129, ¶ 18, 239 P.3d 634, 639 (Wyo. 2010).

*Shindell v. Shindell*, 2014 WY 51, ¶ 7, 322 P.3d 1270, 1273 (Wyo. 2014).

## DISCUSSION

### *Judgment in Favor of Daughters*

[¶8]    Mr. Waterbury asserts the district court erred when it entered judgment in favor of Elizabeth and Sarah because they were not parties to the divorce proceedings. Ms. Waterbury claims the judgments were proper because the daughters are third-party beneficiaries of the divorce decree and have standing to enforce its applicable provisions. Even if the daughters are third-party beneficiaries[2] of their parents' agreement as incorporated into the decree, we conclude the district court did not have the authority to enter judgment in their favor in the contempt proceeding because they are not parties to the divorce case.

[¶9]    Ms. Waterbury filed a motion in the divorce case to hold Mr. Waterbury in contempt of court for failing to pay his share of their daughters' college expenses and sought enforcement of the divorce decree. That was an appropriate way to enforce the decree pursuant to Wyo. Stat. Ann. § 20-2-204(b) (LexisNexis 2015) ("A court having jurisdiction . . . may, upon appropriate motion of a party, require a parent to appear before the court and show just cause why the parent should not be held in contempt. . . ."). In a contempt proceeding, the court may award attorney's fees, costs, and "any other relief as the court may deem necessary under the circumstances to the party aggrieved by the violation of an order." Section 20-2-204(b). Further "[a] court has the inherent

---

[2] Because the daughters did not bring an action to enforce their parents' agreement about college expenses, we do not need to decide in this case whether the daughters can maintain such an action.

3

power to punish contempts of court and discretion to determine what sanction is appropriate." *Stephens v. Lavitt*, 2010 WY 129, ¶ 18, 239 P.3d 634, 639 (Wyo. 2010). This includes the authority to award a judgment for money damages. *Walker v. Walker*, 2013 WY 132, ¶ 39, 311 P.3d 170, 178 (Wyo. 2013) (district court appropriately awarded a judgment for amounts owed under a decree of divorce).

[¶10]  However, "[t]he husband and wife are the only proper parties in a divorce action; the parties' children are not parties." *Weiss v. Weiss*, 2009 WY 124, ¶ 13, 217 P.3d 408, 412 (Wyo. 2009). *See also Nielson v. Thompson*, 982 P.2d 709, 712 (Wyo. 1999) ("[T]he only proper parties to [a divorce] action are the spouses seeking to be divorced."). Elizabeth and Sarah clearly were not parties to the divorce case. Courts cannot determine rights or award relief to persons who are not parties to the litigation. *Olsen v. Olsen*, 2011 WY 30, ¶ 15, 247 P.3d 77, 81 (Wyo. 2011); 46 Am. Jur. 2d *Judgments* § 86; *see also Young v. Nevada Title Co.*, 744 P.2d 902, 442 (Nev. 1987) ("A court does not have jurisdiction to enter judgment for or against one who is not a party to the action.")

[¶11]  The fact that Elizabeth and Sarah may arguably be third-party beneficiaries to the provision requiring Mr. Waterbury to help fund their college education does not change the fact that they are not parties to the divorce case. A third-party beneficiary claim is "distinct from other claims based in contract in that it creates a direct action by one not a party to the contract to enforce the contract for its benefit even though that party is not mentioned in the contract itself." *Cordero Mining Co. v. U.S. Fidelity and Guar. Ins. Co.*, 2003 WY 48, ¶ 15, 67 P.3d 616, 623 (Wyo. 2003). In such instances, the third-party beneficiary brings a direct action to enforce the contract. Elizabeth and Sarah did not bring a separate civil suit against Mr. Waterbury based upon his failure to comply with the decree's requirement that he pay his share of their education expenses.

[¶12]  The district court could not enter judgment in favor of Elizabeth and Sarah because they were not parties to the divorce proceeding. *See Olsen*, ¶ 15, 247 P.3d at 81. We, therefore, reverse the judgment in favor of the daughters and remand for further proceedings consistent with this decision.

*Judgment in Favor of Ms. Waterbury*

[¶13]  Mr. Waterbury also argues that the district court improperly entered judgment in favor of Ms. Waterbury because the court "made up its own formula to calculate the amount owed" to Ms. Waterbury and there was no evidence presented to the court on which it could make an accurate determination of Sarah's room and board. While Mr. Waterbury's argument may potentially have merit, he has not provided this Court with a sufficient record to enable us to review his claim. When he filed this appeal, the burden fell on Mr. Waterbury to provide a complete record for this Court to base its decision. *Golden v. Guion*, 2013 WY 45, ¶ 5, 299 P.3d 95, 96 (Wyo. 2013). Rule 3.02(b) of the Wyoming Rules of Appellate Procedure states in relevant part: "If an appellant intends to

4

assert on appeal that a finding or conclusion is unsupported by the evidence or contrary to the evidence, appellant ***shall*** include in the record a transcript of all evidence relevant to such finding or conclusion." (emphasis added).

[¶14]  The order to show cause hearing was not reported, and Mr. Waterbury did not provide an appropriate statement of the evidence in lieu of a transcript in accordance with W.R.A.P. 3.03.  We do not know what evidence was presented that led the district court to its findings.  Consequently, we must assume that the evidence supported the district court's findings.  *Golden*, ¶ 6, 299 P.3d at 97.

[¶15]  The district court's order finding Mr. Waterbury in contempt included a recitation of some facts relied upon to calculate the judgment entered in favor of Ms. Waterbury.  It also included the mathematical calculations the district court used.  Mr. Waterbury complains that there was no evidence presented to support those calculations.  Although calculations and formulas used to quantify judgments must be based on facts in evidence, Mr. Waterbury had the obligation to present a record which supports his contention.  Without a record to indicate otherwise, we must assume that the evidence supported the facts and formula used by the district court.

[¶16]  The district court's judgment in favor of Ms. Waterbury is affirmed.

## CONCLUSION

[¶17]  Because Elizabeth and Sarah were not parties to the divorce case, it was improper for the district court to enter judgment in their favor.  Therefore, that portion of the district court's order is reversed and remanded for further proceedings.  With regard to the judgment in favor of Ms. Waterbury, Mr. Waterbury did not provide this Court with a record to support his claim of error.  Consequently, we assume the evidence presented at the hearing supports the district court's findings and conclusions and affirm the judgment in favor of Ms. Waterbury.